## Katz et al. v. Royal Insurance Company, Ltd., of Liverpool.

*Insurance—Automobile—Theft—Valued policy—Acceptance of return of car and repairs.*

In a suit to recover upon a policy of indemnity for the loss of an automobile by theft, it appeared that the policy stated the actual cost of the automobile and its equipment. It further provided that in the event of loss the insurer should be liable only for actual cost of repairs or replacement of parts damaged or destroyed. The automobile was recovered and returned to the owner. Defendant admitted that the cost of necessary repairs would be $432.04, and paid that amount. Plaintiff sold the car for $235 and sought to recover the difference between the full face of the policy and the amounts he had received as cost of repairs and as proceeds of the sale: *Held,* that when plaintiff elected to accept return of the automobile and the cost of repairs, he was bound by the clause in the policy limiting defendant's liability to the actual cost of repairs and replacement.

Rule for reargument of rule for new trial and motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., June T., 1922, No. 1413.

*C. L. Smyth,* for plaintiffs; *H. M. Schell,* for defendant.

MARTIN, P. J., May 11, 1925.—Suit was instituted upon a policy of indemnity issued by defendant to the insured, the owner of an automobile that was stolen. The policy contained a clause: "Amount of insurance fifteen hundred ninety-five dollars;" and a description of the automobile with an averment, "actual cost to the assured including equipment, $1595."

The policy by its terms indemnified the owner against theft and contained a provision that "the said automobile described herein (body, machinery and equipment) is valued at the sum insured. In the event of loss or damage under this policy, this company shall be liable only for the actual cost of repairs, or, if necessary, replacement of parts damaged or destroyed." It was also provided that "the sum for which this company is liable pursuant to this policy shall be payable sixty days after the notice, ascertainment, estimate and satisfactory proof of loss herein required have been received by this company."

The automobile was stolen on Feb. 9, 1922. Proof of loss was served on defendant April 5, 1922, and this suit was instituted on June 5, 1922.

On Aug. 19, 1922, the automobile was recovered by the police and delivered to and accepted by plaintiff, who sold it at public auction for $235. An amended statement of claim was then filed by plaintiff, in which he set forth the recovery of the automobile, its delivery to him and sale by him, allowed credit to the defendant for the proceeds of the sale and demanded the balance of the face of the policy.

An affidavit of defence was filed, containing an allegation that the cost to repair the automobile would amount to $432.04.

Plaintiff took judgment for the admitted cost of repairs and the judgment was paid to him by defendant.

Plaintiff proceeded to trial, claiming that the policy was a valued policy, and that he was entitled to recover the face of the policy, less the amount received from the sale of the automobile and the sum paid by defendant as the cost of repairs.

At the trial there was evidence of the market value of the automobile at the time of the theft, and based upon that testimony, a verdict was rendered in favor of plaintiff for $370.25. After argument of a motion for judgment and of a rule for a new trial, judgment *n. o. v.* was entered in favor of defendant.

The court decided as there was not a total loss and plaintiff had accepted a return of the automobile, collected the cost of repairs from defendant and subsequently sold the automobile, the clause of the policy which limited the liability of defendant to actual costs of repairs fixed the rights of the parties.

Plaintiff entered the present rule for a reargument of the motion for a new trial and for judgment *n. o. v.* Briefs were submitted by both sides.

After careful consideration of the arguments, the court is of the opinion that plaintiff, having elected to accept the return of the automobile and the costs of repairs, the clause of the policy which limited the liability of defendant to the actual cost of repairs or replacement became effective, and that plaintiff is not entitled to recover upon the theory that he was insured under a valued policy which required defendant to pay the full face of the policy, less credit for the money paid to plaintiff by defendant, and that the rights of the parties were fixed at the expiration of sixty days from the date of the theft of the automobile. By his conduct subsequent to that date plaintiff waived his right, if he had any, to recover for the value of the automobile at the time the policy issued.

Rule discharged.